Benjamin I. Whipple
1150 S. Colony Way
Palmer, Alaska 99645
907-745-1776

Attorney for Plaintiffs

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT PALMER

| | |
|---|---|
| Sarah L. Risch, Ginger D. Risch and Bradley M. Risch, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| State Farm Mutual Automobile Insurance Company, an Illinois corporation, | ) ) ) ) ) |
| Defendant. | ) ) ) |

Case No. 3PA-15-2031 CI

## COMPLAINT

COME NOW plaintiffs Sarah Risch, Ginger Risch and Bradley Risch, through counsel, and for their complaint against defendant State Farm Mutual Automobile Insurance Company allege on information and belief as follows:

1. Plaintiffs are residents of the State of Alaska, Third Judicial District. Sarah Risch is the adult daughter of Ginger Risch and Bradley Risch, a married couple.

2. Defendant State Farm Mutual Automobile

Ben Whipple
Attorney
1150 S. Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
RISCH-PL.001
3PA-15-      CI

1

Case 3:15-cv-00262-HRH   Document 1-1   Filed 12/30/15   Page 1 of 5

Insurance Company (hereafter "State Farm") is an automobile liability insurance corporation formed under the laws of the State of Illinois, licensed to do business in the State of Alaska and possessed of a current Certificate of Authority issued by the State of Alaska, Division of Insurance.

3. Plaintiffs are insureds under an automobile liability insurance policy issued by defendant to Bradley Risch (policy number 039-9723-D30-021.) This policy includes Medical Payments coverage.

4. Each plaintiff is a beneficiary to the insurance policy contract between Bradley Risch and defendant. This policy provides casualty insurance within the meaning of A.S. § 21.12.070(a). Plaintiffs' property rights under that casualty insurance contract constitute personal property.

5. The insurance contract between the Risch family and defendant, of which each plaintiff is an insured and beneficiary, is a contract of adhesion.

6. The events described herein occurred within the Third Judicial District of the State of Alaska.

7. On December 23, 2012 plaintiffs Sarah Risch (as driver) and Ginger Risch (as passenger) were in the front seat of a truck owned by the Risch family, stopped at a stoplight at or near Jewel Lake and Dimond, in Anchorage. A truck driven negligently by a third party violently rear-ended the truck in which plaintiffs Sarah Risch and Ginger Risch sat.

8. Both plaintiffs Sarah Risch and Ginger Risch sustained significant bodily injuries in the auto accident

Ben Whipple
Attorney
1150 S. Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
RISCH-PL.001
3PA-15-    CI

described above for which medical treatment was needed.

8. Plaintiff Bradley Risch, who was directly and substantially involved in the aftercare of his wife and daughter, suffered negative health effects as a result of their injuries.

9. Such care as plaintiffs were provided was both reasonably related to the accident and necessary for achieving maximum medical improvement. These factual issues are now subject to arbitration between the parties and the panel's decision will be provided to the court.

10. Plaintiffs submitted their medical treatment bills to defendant for payment in accordance with the med-pay provisions of their auto liability insurance policy referenced above.

11. The treatment bills plaintiffs submitted to defendant for med-pay were reasonable expenses within the meaning of the policy. This factual issue is now subject to arbitration between the parties and the panel's decision will be provided to the court.

12. Defendant paid for some of plaintiffs' medical treatment, as required under the policy.

13. However, despite the reasonableness and necessity of plaintiffs' medical expenses, and before the dollar value of the med-pay provision in plaintiffs' policy was exhausted, and before any insurance-sponsored medical exam of plaintiffs, defendant suspended medical payment coverage and paid no further treatment bills.

14. Defendant has claimed that plaintiffs' med-pay coverage was suspended for failure to cooperate in the

Ben Whipple
Attorney
1150 S. Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
RISCH-PL.001
3PA-15-      CI

3

scheduling of insurance-sponsored medical examinations. Plaintiffs allege that this proferred justification is pre-textual; that plaintiffs have cooperated under the contract; and that defendant's motivation for cutting off benefits was simply a financial cost-saving calculation despite plaintiffs' needs and qualifications.

15. Plaintiffs allege that this suspension of med-pay coverage was unreasonable and unjustified and constitutes a breach of the insurance contract.

16. Plaintiffs allege that this suspension of med-pay coverage was unreasonable, unjustified and in bad faith and constitutes a breach of the covenant of good faith and fair dealing.

17. As a direct and proximate result of defendant's suspension of med-pay coverage, plaintiffs have suffered financial hardship, loss of credit standing and severe emotional distress.

18. Defendant's deliberate and unjustified suspension of plaintiffs' med-pay coverage indicates a reckless indifference to the rights and well-being of others. Defendant is therefore liable to plaintiffs on a claim for punitive damages.

19. Plaintiffs' total expected damages exceed $100,000, an amount within the jurisdiction of this Court.

Ben Whipple
Attorney
1150 S. Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
RISCH-PL.001
3PA-15-      CI

4

WHEREFORE, plaintiffs pray for relief from this Court, as follows:

1. For compensatory damages in an amount to be determined by trial;

2. For punitive damages in an amount to be determined by trial;

3. For reasonable attorney's fees and costs of suit incurred herein; and

4. For such other and further relief as the Court deems proper.

DATED this 27th day of September 2015.

By _____
Benjamin I. Whipple
Alaska Bar # 9311096
Attorney for Plaintiffs

Ben Whipple
Attorney
1150 S. Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax